IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| LUCKY B. KELLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 3:24-cv-05041-MDH |
| PENNYMAC LOAN SERVICES, LLC ) | |
| And ) | |
| DANIEL S. PEROTTI, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court is Plaintiff's *pro se* Motion for a Temporary Restraining Order ("TRO") (Doc. 59). Plaintiff is requesting this Court to enter either a TRO or preliminary injunction enjoining Defendants from enforcing collection efforts or otherwise taking any actions related to the negotiable instrument that is the subject of this litigation. For reasons discussed herein, Plaintiff's motion for a TRO is **DENIED**.

In analyzing a request for a TRO, the Court weighs: 1) probability movant will succeed on the merits; 2) threat of irreparable harm to the movant absent injunction; 3) balance between threatened harm to the movant and harm the injunction would inflict on other interested parties; and 4) public interest. *Dataphase Sys., Inc. v. C L Syst., Inc.*, 640 F.2d 109, 114 (8th Cir.1981) (en banc). "No single factor is dispositive;" rather, the court must consider all factors to determine whether on balance they weigh towards granting the remedy. *Calvin Klein Cosmetics Corp. v. Lenox Labs., Inc.*, 815 F.2d 500, 503 (8th Cir. 1987).

Upon the information currently before it, this Court remains unconvinced Plaintiff is likely to succeed on the merits on any of his claims. Plaintiff alleges five claims within his complaint: 1)

Breach of Contact; 2) Breach of Fiduciary Duty; 3) Conversion; 4) Unjust Enrichment; and 5) Proof of Claim and Production of the Note. In Plaintiff's first four causes of action, he fails to allege sufficient facts that would succeed under Missouri law. Specifically, he fails to allege facts that would meet every element of the underlying causes of action. In Plaintiff's fifth claim, Plaintiff "demands that Defendant produce the original negotiable instrument or provide sufficient proof of the right to enforce the note, as required by the UCC and applicable Missouri law." (Doc. 16-2, page 7). However, Defendants have already produced copies of the Promissory Note (Doc. 10-1), the Deed of Trust (Doc. 10-2), and PennyMac's servicing notification of the Promissory Note (Doc. 10-3) sent Plaintiff before this action occurred. On their face the documents appear to be valid and enforceable.

The allegations in Plaintiff's TRO and complaint do not persuade that granting a TRO would be in favor of the public interest. Plaintiff argues that courts have a vested interest in ensuring that disputes over negotiable instruments and financial obligations are resolved fairly and according to the law. (Doc. 16, page 3). While that may be true, courts also have a responsibility to the public interest to protect contractual rights and obligations. The public interest includes "protecting freedom to contract through enforcement of contractual rights and obligations." *PCTV Gold, Inc. v. SpeedNet, LLC*, 508 F.3d 1137, 1145 (8th Cir. 2007); *see Sleep No. Corp. v. Young*, 33 F.4th 1012, 1019 (8th Cir. 2022) ("[T]he public has an interest in enforcing contractual obligations ...."); *Home Shopping Club, Inc. v. Roberts Broad. Co.*, 989 S.W.2d 174, 179 (Mo. Ct. App. 1998) ("It is in the public interest to enforce contractual rights and obligations."). The public interest and Missouri law both favor judicial enforcement of contracts according to their own terms. *See BancorpSouth Bank v. Hazelwood Logistics Ctr., LLC*, 706 F.3d 888, 895 (8th Cir.

2013) (citing *Turner v. Sch. Dist. of Clayton*, 318 S.W.3d 660, 670 (Mo. 2010) (en banc) (per curiam)). The public interest would not tip in favor of a TRO.

Considering all factors to determine whether on balance they weigh towards granting a TRO, this Court finds entry of a TRO improper.

## CONCLUSION

For foregoing reasons, Plaintiff's *pro se* Motion for a TRO is **DENIED**.

**IT IS SO ORDERED**.
DATED: September 19, 2024

*/s/ Douglas Harpool*
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**