IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| LUCKY B. KELLER, | ) |
|     Plaintiffs, | ) ) ) |
| v. | ) )   Case No. 3:24-cv-05041-MDH |
| PENNYMAC LOAN SERVICES, LLC and DANIEL S. PEROTTI, | ) ) ) ) |
|     Defendants. | ) ) |

## ORDER

Before the Court is Defendants' Motion to Dismiss for Failure to State a Claim (Doc. 9). For reasons herein, Defendant's Motion is **GRANTED**.

## BACKGROUND

This case arises out of a dispute of whether a modified monthly mortgage slip is considered a negotiable instrument pursuant to Article 3 of the Missouri Uniform Commercial Code. Plaintiff is a resident of Newton County, Missouri. Defendant PennyMac Loan Services, LLC ("Pennymac") is a foreign limited liability company and organized in the state of Delaware. Neither Plaintiff nor Defendant has specified the residence of Defendant Daniel S. Perotti within the pleadings.

On September 20, 2021 Flat Branch Mortgage, Inc. issued Plaintiff a loan in the amount of $119,428 to purchase property located in Neosho, Missouri. The loan was memorized by a Note and secured by a Deed of Trust. On October 20, 2021 the servicing of the loan was transferred from Flat Branch Mortgage to Pennymac. Plaintiff alleges on April 26, 2024 he sent Pennymac a negotiable instrument for $113,482.69, the remaining amount owed on the mortgage. The alleged

1

negotiable instrument was a monthly mortgage slip with the total filled out in the amount of $113,748.68, dated April 25, 2024, the amount spelled out, and the words "Accepted for Deposit" "Pay to the Bearer" written across the mortgage slip. There was no check or other form of payment accompanying the mortgage slip and Defendants declined to accept it. Plaintiff then initiated this lawsuit claiming 1) breach of contract; 2) violation of Missouri Civil Code 400.3-104; 3) violation of Missouri Civil Code 400.3-502; 4) violation of 18 U.S.C. § 1551; and violation of 15 U.S.C. § 1681. Defendants argue that each claim should be dismissed for failure to state a claim. The Court will take each argument in turn.

## STANDARD OF REVIEW

A complaint must contain factual allegations that, when accepted as true, are sufficient to state a claim of relief that is plausible on its face. *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (internal citations omitted). The complaint's factual allegations must be sufficient to "raise a right to relief above the speculative level," and the motion to dismiss must be granted if the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 545 (2007). Further, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

## ANALYSIS

## I. Plaintiff Fails to Plead Facts Showing He Provided Defendants with a Negotiable Instrument as Defined by Article 3 of the Missouri Uniform Commercial Code

Defendants argue Plaintiff's Complaint should be dismissed because the mortgage slip Plaintiff sent to Pennymac is not a "negotiable instrument" and is instead a meaningless piece of paper with no value. Article 3 of the Missouri Uniform Commercial Code defines negotiable instrument. A negotiable instrument:

> means an unconditional promise or order to pay a fixed amount of money, with or without interest or other charges described in the promise or order if it:
>
> (1) is payable to bearer or to order at the time it is issued or first comes into possession of a holder;
>
> (2) is payable on demand or at a definite time; and
>
> (3) does not state any other undertaking or instruction by the person promising or ordering payment to do any act in addition to the payment of money, but the promise or order may contain (i) an undertaking or power to give, maintain, or protect collateral to secure payment …

Mo. Rev. Stat. § 400.3-104.

Here, Plaintiff's mortgage slip is not a negotiable instrument as defined by Article 3 of the Missouri Uniform Code. The alleged negotiable instrument is a monthly mortgage slip which a person may write the total amount enclosed and provide a check or other tender in satisfaction of the monthly mortgage payment. There is no allegation that any payment was sent to Pennymac in tandem with the monthly mortgage slip. A monthly mortgage slip without payment is not a negotiable instrument. The mortgage slip is not payable on demand or at a definite time. Defendant cannot redeem the alleged negotiable instrument and thus it does not meet the definition of a negotiable instrument as defined by Article 3 of the Missouri Uniform Commercial Code.

## II. Plaintiff's Other Claims are Dismissed for Failure to State a Claim Upon Which Relief Can be Granted

Defendant argues that Plaintiff has failed to properly plead his claims and thus should be dismissed. Plaintiff alleges claims on breach of contract, Mo. Rev. Stat § 400.3-104, Mo. Rev. Stat. § 400.3-502, and 18 U.S.C. § 1581, and 15 U.S.C. § 1681.

### A. Plaintiff has Failed to Sufficiently Allege a Breach of Contract

Defendant asserts that Plaintiff's breach of contract claim fails because he has not pleaded sufficient facts to establish that his contract was breached. Plaintiff's Complaint alleges that Defendants breached the contact by refusing to carry out fiduciary duties for Plaintiff and to carry out the record and start actual performance. (Complaint ¶¶ 8-9).

Plaintiff's breach of contract claim centers around and is dependent upon his allegation that he sent a negotiable instrument valued at the balance of his mortgage. He claims Defendants breached the Deed of Trust by not accepting the mortgage slip. However, Plaintiff did not furnish a negotiable instrument. Plaintiff has failed to specify any other breach of contract that would raise a right to relief above a speculative level. For the reasons stated herein, Defendant's Motion to Dismiss the breach of contract claim is **GRANTED**.

### B. Plaintiff has Failed to Sufficiently Allege a Violation Under Mo. Rev. Stat. § 400.3-104 or § 400.3-502

Defendant argues that Plaintiff's alleged negotiable instrument is not a negotiable instrument pursuant to Article 3 of the Missouri Uniform Commercial Code and cannot succeed on claims under Mo. Rev. Stat. § 400.3-104 or § 400.3-502. As mentioned above, Mo. Rev. Stat. § 400.3-104 defines what a negotiable instrument is under Article 3 of the Missouri Uniform Commercial Code. Plaintiff has not demonstrated that the mortgage slip is a negotiable instrument

4

pursuant to Mo. Rev. Stat. § 400.3-104. Additionally, Mo. Rev. Stat. § 400.3-104 does not create a civil remedy upon which Plaintiff may assert as it only defines what negotiable instruments are. For the reasons stated, Defendant's Motion to Dismiss Plaintiff's Mo Rev. Stat. § 400.3-104 claim is **GRANTED**.

Mo. Rev. Stat. § 400.3-502 deals with the dishonor of a note under Article 3 of the Missouri Uniform Commercial Code. Plaintiff has failed to show how the mortgage slip is a negotiable instrument. In order for § 400.3-502 to apply Plaintiff must have a note. A "note" is defined as a negotiable instrument if it is a written undertaking to pay money signed by the person undertaking to pay. Mo. Rev. Stat. § 400.3-104(d)-(e). An acknowledge of an obligation by the obligor is not a promise unless the obligor also undertakes to pay the obligation. Mo. Rev. Stat. § 400.3-103(9). Plaintiff has failed to state facts sufficient to show that the mortgage slip is a negotiable instrument and therefore not a note. Mo. Rev. Stat. § 400.3-502 is inapplicable. For the reasons stated, Defendant's Motion to Dismiss Plaintiff's Mo. Rev. Stat. § 400.3-502 claim is **GRANTED**.

### C.     Plaintiff Cannot Bring an Action Under 18 U.S.C. § 1581

Defendants argue Plaintiff's 18 U.S.C. § 1581 fails because Plaintiff, as a private citizen, cannot bring a civil claim under a criminal statute. 18 U.S.C. § 1581 is a criminal statute regarding peonage; obstructing enforcement. This statute imposes a fine, imprisonment, or both for violation of the statute. Private citizens do not have standing to enforce criminal statues or have them enforced. *Kunzer v. Magill*, 667 F. Supp. 2d 1058, 1061 (D. Minn. 2009); *see also Jones v. Clinton*, 206 F.3d 811, 812 (8th Cir. 2000). Plaintiff, as a private citizen, cannot bring a civil claim under 18 U.S.C. § 1581. 18 U.S.C. § 1595 does create a civil remedy for any violations arising out Chapter 77 of Title 18. However, Plaintiff does not allege or attempt to bring his claim under 18 U.S.C. § 1595. Further, Plaintiff has failed to state any allegation when, taken as true, would

5

warrant relief under 18 U.S.C. § 1595. For the reasons stated, Defendant's Motion to Dismiss Plaintiff's 18 U.S.C. § 1581 claim is **GRANTED**.

D.      **Plaintiff Fails to Allege a Claim Under 15 U.S.C. § 1681**

Defendants state Plaintiff does not allege any false, misleading, or incorrect reporting to any credit agency nor did Defendants fail to investigate or respond to Plaintiff's concerns. 15 U.S.C. § 1681 is the first section of the Fair Credit Reporting Act and is titled "Congressional findings and statement of purpose." *Id*. Plaintiff's Complaint does not allege how Defendants have violated the Fair Credit Reporting Act. The Complaint simply states Defendants "violated statutes M[issouri] Civil Code 40[0].3-104. Violated statue of Missouri Civil Code 400.3-502. 18 U.S.C. 1581, 15 U.S.C. 1681. (Complaint ¶ 12). Plaintiff fails to plead facts that would demonstrate a right to relief above a speculative level. For the reasons stated, Defendant's Motion to Dismiss Plaintiff's 15 U.S.C. § 1681 is **GRANTED**.

## CONCLUSION

For the reasons set forth herein, Defendant's Motion to Dismiss for Failure to State a Claim is **GRANTED**. The Court hereby dismisses the case with prejudice.

**IT IS SO ORDERED**.
DATED: December 4, 2024

*/s/ Douglas Harpool*
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**